Filed 12/2/22  P. v. Richards CA4/2
See dissenting opinion.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ANTHONY DAVID RICHARDS,

    Defendant and Appellant.

E078962

(Super.Ct.No. RIF131424)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Anthony David Richards appeals from the denial of his petition for resentencing under Penal Code[1] section 1170.95 (now section 1172.6[2]).  For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On February 15, 2007, an information charged defendant with the premeditated and deliberate attempted murder of Jane Doe under sections 664 and 187, subdivision (a) (count 1); and actively and knowingly participating in a gang under section 186.22, subdivision (a) (count 2).  As to count 1, the information also alleged (1) two firearm enhancements under section 12022.53, subdivisions (c), (d), and (e)(1); and (2) a gang enhancement under section 186.22, subdivision (b).  The information further alleged that defendant had committed two prior offenses within the meaning of section 667.5, subdivision (b), and listed numerous aggravating factors.

On August 7, 2007, a jury found defendant guilty on both counts, and found true the enhancements.

On October 5, 2007, the trial court sentenced defendant to two years plus 40 years to life.

---

[1] All further statutory references are to the Penal Code unless otherwise specified

[2] While this appeal was pending, the Legislature amended and renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 in this opinion, even though 1170.95 was the operative designation at the time of the underlying proceedings.

After defendant appealed, on May 19, 2009, this court issued an opinion affirming the judgment of conviction. (*People v. Richards* (May 19, 2009, E044335) [nonpub. opn.].)

On November 5, 2021, defendant filed a petition for resentencing under section 1172.6. On December 3, 2021, the trial court appointed counsel to represent defendant.

At the prima facie hearing on the petition on May 6, 2022, the prosecution moved to dismiss the petition. The prosecutor argued that the record below showed defendant was not prosecuted for attempted murder under a natural and probable consequences theory. Thereafter, defense counsel requested a continuance to confer with defendant and conduct additional research. The court stated that it would continue the case if the defense had a question about the jury instructions, specifically referring to the natural and probable consequences instructions. Defense counsel then stated that she did not believe that the jury was instructed on that theory. Thereafter, the court ruled: "I'm going to deny [the petition] without prejudice. If [defense counsel] has instructions[,] come over here, and I'll change it."

On May 9, 2022, defendant filed a timely notice of appeal.

## DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Defense counsel filed an opening brief that sets forth the statement of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3rd 436; *Anders v. California* (1967) 386 U.S. 738.)

Counsel has identified seven potentially arguable issues:

3

"A.      Whether the trial court prejudicially violated [f]ormer section 1170.95, subdivision (c), now section 1172.6, subdivision (c), by failing to require statutorily mandated briefing before ruling on [defendant]'s eligibility for relief under section 1172.6?"

"B.      Was [defendant] eligible for relief under section 1172.6?"

"C.      Did the trial court err in failing to comply with its duty to independently examine the record before denying [defendant]'s section 1172.6 petition at the prima facie stage?"

"D.      Whether the trial court's denial of [defendant]'s [s]ection 1172.6 petition without prejudice is an appealable order?"

"E.      Whether [defendant] is entitled to independent appellate court review of the trial court's denial of his section 1172.6 petition"

"F.      Assuming [defendant] is entitled to independent [a]ppellate review of the superior court's denial of his section 1172.6 petition, what is the basis for that review, and what would it entail?"

"G.      Whether this court may consider a sentencing issue involving section 1172.75 on an appeal from the denial of a petition for resentencing under section 1172.6?"

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Thus, no claim of error has been raised.

Although we are not required to independently review the record for potential errors in a postjudgment appeal, we have exercised our discretion to do so, following

4

this court's recently published opinion in *People v. Griffin* (Nov. 14, 2022, E079269)

___ Cal.App.5th ___ [2022 Cal.App. LEXIS 936].  We found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

I concur:

FIELDS
J.

5

[*People v. Richards*, E078962]

Slough, J., Dissenting.

It remains my view that we should dismiss as abandoned Anders/Wende[1] appeals of postjudgment orders in cases like this where counsel identifies no issues and the defendant declines to file a personal supplemental brief. (E.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038-1040, review granted Oct. 14, 2020, S264278; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted March 17, 2021, S266853.) Additionally, because appellant's jury instructions reveal he was tried solely under a direct aiding and abetting theory (and is therefore ineligible for relief as a matter of law), nothing in the record my colleagues opted to review could possibly have any impact on the appeal. (Pen. Code, § 1172.6, subd. (a).)

SLOUGH
J.

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.